UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOESSEAN CRISPIN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:21cv229 (KAD) |
| | : | |
| BRADY, et al., | : | |
|     Defendants. | : | |

## ORDER ON MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

On February 23, 2021, the plaintiff. Jossean Crispin ("Crispin"), filed his complaint in this matter and sought to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this civil rights action. ECF Nos. 1, 2. On March 16, 2021, the court denied Crispin's motion to proceed in forma pauperis, noting that he had received a settlement of $1,000 on August 25, 2020, had an average six-month account balance of $1,077.27, monthly deposits of $933.33, and an account balance of $580.05 on the date he filed his application. ECF No. 7. The court directed him to pay the filing fee to commence this action. *Id.* Crispin now seeks reconsideration of that decision. *See* ECF Nos. 12, 13, 14, 16.

The Court first observes that the motion for reconsideration is not timely filed as more than seven days has passed since the court denied the motion to proceed *in forma pauperis*. Notwithstanding, the court addresses the motion on the merits. "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). This District's Local Rule state that: "Such motions will generally be denied unless the movant can point to

controlling decisions or data that the court overlooked in the initial decision or order" and require that the motion "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c)1. "Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. Case (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)); *accord* Shrader, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Crispin asserts that he was incorrectly denied permission to proceed *in forma pauperis* because he received his settlement funds more than six months[1] prior to filing his complaint, that he filled out information on the application improperly due to his learning disability, and that he cannot pay the filing fee. ECF No. 12. However, his inmate account statement for the period of six months prior to the filing of his complaint shows that he received a settlement of $1,000 on August 23, 2020, $1,200 on January 6, 2021, and $600 on January 6, 2021, and that he had sufficient funds to pay the filing fee at the time he filed his complaint on February 23, 2021. ECF Nos. 3, 15. Crispin's application did not present even a close question as to whether he should be denied *in forma pauperis*. *See* ECF No. 7. Crispin has not identified any law or facts overlooked by the court in denying his motion to proceed *in forma pauperis*. Accordingly, Crispin's motion for reconsideration [ECF No. 12] and his new motion for leave to proceed *in forma pauperis* [ECF No. 8] are DENIED. Crispin shall submit the filing fee within twenty (20) days from the date of this order or the case will be dismissed.

---

[1] The court notes that question 6 of the *in forma pauperis* application asks inmates about receipt of funds during a twelve-month period prior to the prisoner's application motion.

**SO ORDERED** this 11th day of May 2021, at Bridgeport, Connecticut.

                                                    /s/
                                          Kari A. Dooley
                                          United States District Judge